IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATENT CARE ASSOCIATES LLC a/s/o R.D.,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PROCTER & GAMBLE CO.; ABC CORP. )<br>(1-10) (Said names being fictitious and )<br>unknown entities),  )<br>)<br>Defendants.  ) | Civil Action No. 2:13-cv-02904<br><br>Judge Chesler |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant has moved to dismiss the Complaint on the ground that it does not state a claim upon which relief can be granted. The following Brief is filed in support of defendant's Motion.

*Summary of Allegations in the Complaint*

Plaintiff is a provider of health care services. (Complaint ¶ 1) It alleges that it is the assignee of a claim for payment for services provided by it to a beneficiary under an ERISA-governed health care plan sponsored by the defendant for its employees. (*Id*. ¶¶ 5-6) It is an "out of network" provider (*Id*. ¶ 1), meaning that it did not have a contract with the plan to provide services at a reduced charge. (*Id*. ¶9) It is alleged that defendant agreed to pay plaintiff, in advance of its provision of services, the reasonable and customary charge for the medical services provided to R.D., the plan beneficiary. (*Id*. ¶ 10) It is alleged that the payment made by the defendant was less than a reasonable and customary rate and that the plaintiff should be

awarded a judgment for the balance allegedly owed.  (*Id.* ¶¶ 11-12)  Plaintiff alleges that it attempted to go through the appeal process but was not given a detailed explanation for how defendant determined the payment amount, and that defendant failed to properly advise plaintiff about the appeal process.  (*Id*. ¶ 14)

The Complaint states that the health care plan "is administered and operated by P&G and/or P&G's designated third-party administrator and/or agent under ERISA."  (*Id*. ¶ 19)  The Plan is not attached to the Complaint, but has been attached by defendant as an Exhibit to its Motion to Dismiss.  *See Pension Benefit Guarantee Corp. v. White Consol. Indus*., 998 F. 2d 1192, 1196 (3d Cir. 1993).

In Count I of the Complaint, plaintiff seeks to recover pursuant to Section 502 (a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") what it characterizes as the reasonable and customary rate for the services provided, less the amount paid by the plan for the services.  In Count II, plaintiff alleges that defendant breached a fiduciary duty by failing to explain the reasons for its denial, by failing to provide the plaintiff with all documents used in making any claims determination and by failing to provide plaintiff with a "full and fair review" of its claim.  In Count III, it is alleged that the defendant represented that plaintiff would be paid the reasonable and customary fees for the services rendered, and that defendant negligently refused to pay the subject claims.  There is a Court IV, which does not involve this defendant, which purports to state a claim against ABC Corporations 1 through 10.

### *Summary of the Pertinent Healthcare Plan Provisions*

The name of the plan is "The Procter & Gamble Health Care Plan" (Summary Plan Description ("SPD") p. 110)[1]  The Procter & Gamble Company ("P&G") and its subsidiaries are

---

[1] The SPD is also the formal Plan Document.  There is no separate formal plan.

the sponsors of the Plan. (SPD p. 111)  Claims for payment and appeals are filed with the Carrier (SPD pp. 77-78), which is UnitedHealthcare Medical Services.  (SPD pp. 127-28)  Appeals of denied or reduced claims are made to the Medical Carrier, UnitedHealthcare.  (SPD p. 75)

Importantly, for purposes of this Motion, the Plan provides that the Company, Procter & Gamble, "will not be involved in decisions concerning denied or reduced claims, and will not accept appeals."  (SPD p. 76)  Claims administration is delegated entirely to UnitedHealthcare.

*Argument*

*A. Standard for Rule 12 (b)(6) Motion*

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly, supra,* at 555 (2007) (internal citation omitted). In *Twombly,* the Court held that allegations of a "conspiracy" are not entitled to a presumption of truthfulness on a Rule 12 (b)(6) motion, nor were other conclusory allegations in that complaint. This principle was reiterated and reinforced in *Iqbal, supra*, where the Court refused to presume to be truthful allegations that the defendants, for example, "'knew of, condoned, and willfully and maliciously agreed to subject [the plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 129 S. Ct. at 1951.

While consideration of a Rule 12 (b)(6) Motion ordinarily is limited to the allegations of the complaint, as noted above, the Court may also consider documents that are referenced in the Complaint and on which the plaintiff's claims are based, even if such documents are not actually attached. *Pension Benefit Guarantee Corp. v. White Consol. Indus*., 998 F. 2d 1192, 1196 (3d Cir. 1993). In the present case, this principle permits consideration of the terms of The Procter & Gamble Health Care Plan, which is attached as Exhibit A to the Motion to Dismiss.

> B.   *Counts I and II Do Not State Claims Upon Which Relief Can Be Granted Because P&G is Not Involved in Making Decisions on Claims for Benefits.*

ERISA Section 502 (d)(2) states that

> "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title.

This provision has led a number of Courts to conclude that the only proper party to an action to recover benefits under a plan is the plan as an entity. *E.g*., *Jass v. Prudential Health Care Plan Inc*., 88 F.3d 1482, 1490 (7th Cir. 1996); *Gelardi v. Pertec Computer Corporation*, 761 F.2d 1323 (9th Cir. 1985). However, these courts have made exceptions in circumstances where a different entity was responsible for making the benefit determination at issue. *Cyr v. Reliance Standard Life Ins. Co.,* 642 F.3d 1202 (9th Cir. 2011)(en banc) (overruling *Gelardi, supra* to permit naming of the insurer that made the benefit denial decision); *Mein v. Carus Corp*., 241 F.3d 581, 584-85 (7th Cir.2001)(although ordinarily the only proper defendant in an ERISA suit to recover benefits is the plan, it noted an exception where the employer was the plan administrator, and the employer and plan are closely intertwined, with the plan documents referring to the plan and employer-corporation interchangeably.) The prevailing view among the recent decisions addressing the issue of the proper defendant in a benefits case under Section 502

4

(a)(1)(B) is that it should be the plan and any entity that exercises actual control over the decisions. *LifeCare Management Services LLC v. Insurance Management Adm'rs Inc.,* 703 F.3d 835, 844-45 (5th Cir. 2013); *Gomez–Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir. 2010); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (per curiam ) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir. 2007) (finding that an employer administrator was not liable because it did not control the claims process).

The decisions within the Third Circuit have been consistent with this latter line of authorities, holding that entities that actually control the decision-making process are proper parties in a benefits claim under Section 502 (a)(1)(B). *Haisley v. Sedgwick Claims Management Services, Inc.*, 776 F. Supp. 2d 33 (W.D. Pa. 2011)("The exercise of control over the administration of benefits is the "defining feature" of a proper defendant in an action brought under § 1132(a)(1)(B)," *citing Evans v. Emp. Benefit Plan,* 311 Fed. Appx. 556, 558 (3d Cir. 2009). In *Graden v. Conexant Systems*, 496 F.3d 291, 301 (3d Cir. 2007) the Court of Appeals stated the general rule for Section 502 (a)(1)(B) claims as being that "the defendant is the plan itself (or plan administrators in their official capacities only )."; *Miller v. Mellon Long Term Disability Plan,* 721 F. Supp. 2d 415, 445 (W.D. Pa. 2010)("the Court finds that the only proper defendants in Plaintiff's § 1132(a)(1)(B) claim are the Plan and the Plan Administrator, CBC, in its official capacity.)

In *Hahnemann University Hosp. v. All Shore, Inc.,* 514 F. 3d 300, 309 (3d Cir. 2008), a case much like the present case, the Court of Appeals held that an assignee health care provider could recover benefits from the employer, where the employer was the plan administrator "and

5

exercised all discretionary authority and control over the administration of the [Plan] as well as the management and disposition of plan assets."

Turning to the allegations of the Complaint in the present case, as informed by the SPD, it is clear that none of the foregoing cases would permit a suit to proceed against the employer, P&G, on the facts alleged. The Plan document makes it clear that P&G is "not involved in decisions concerning denied or reduced claims." Our research has disclosed no case that permitted a claim for benefits to go forward against the employer, where the employer had no role in the decision to deny benefits. Plaintiff's conclusory statements that the Plan "is administered and operated by P&G and/or P&G's designated third-party administrator and/or agent" is not a sufficiently factual allegation to be entitled to a presumption of truthfulness, under *Twombly* and *Iqbal,* in light of the specific language of the Plan itself that demonstrates that the employer is not involved in making benefit decisions under the Plan..

Defendant respectfully requests, therefore, that its Motion to Dismiss Counts 1 and 2 be granted because it is not a proper party defendant.

        C.  *Count 3 is Preempted by Section 514 (a) of ERISA*

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan …" The term "State law" is defined in ERISA Section 514 (c)(1) to include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The Supreme Court has held that state law causes of action for breach of contract and misrepresentation, such as are asserted in plaintiff's complaint in this case, are among the "State laws" preempted by Section 514(a). *Pilot Life Ins. Co. v. Dedeaux,* 484 U.S. 41 (1987). *Accord, Vulcan v. United of Omaha Life Insurance Co.,* 715 A.2d 1169, 1173-74 (Pa.

Super. 1998); *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir. 1987); *Salomon v. Transamerica Occidental Life ins. Co.*, 801 F.2d 659, 660 (4th Cir. 1996).

Plaintiff's allegation is that the defendant confirmed that it would pay the "reasonable and customary" charges, but that it "negligently refused to pay the subject claims." (Complaint ¶38-39)  The term "reasonable and customary" is a term that is defined in the SPD.  (SPD p. 122) Unquestionably, therefore, the plaintiff's negligent misrepresentation claim "relates to" the employee benefit plan.  A law "relates to" an employee benefit plan if "it has a connection with or reference to such plan . . . 'even if the law is not specifically designed to affect such plans, or the effect is only indirect; and even if the law is consistent with ERISA's substantive requirements.'"  *District of Columbia v. Greater Washington Board of Trade,* 506 U.S. 125, 129-30 (1992); *Ingersoll-Rand Co.*, 498 U.S. at 139 (1990), *citing Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

Moreover, and as an alternative ground to find that plaintiff's Count 3 is preempted by ERISA, state law causes of action which provide "alternative enforcement mechanisms" to ERISA's enforcement provisions are preempted.  *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.,* 514 U.S. 645, 658-59 (1995).  Plaintiff's negligent misrepresentation claim is simply a reiteration of its Section 502 (a)(1)(B) claim, seeking the identical remedies as were sought in connection with Counts 1 and 2.

Defendant respectfully requests, therefore, that the Court dismiss Count 3 of the Complaint with prejudice on the ground that it is preempted by ERISA.

Respectfully submitted,

/s/     Jill R. Cohen
Jill R. Cohen
Eckert Seamans Cherin & Mellott LLC
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, NJ  08607-1298
(609) 392-2100

John J. Myers
Eckert Seamans Cherin & Mellott LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-5900